
Joshua S. Parilman (021272)
DAVID WROBLWESKI & ASSOCIATES, P.C.
20 E. Thomas Road, Ste. #2600
Phoenix, AZ 85012
Phone: (602) 266-4570
Fax: (602) 288-1650
Email: parilman@aol.com
Attorneys for Debtors

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

In re:

FRED F. ESCOBEDO,
xxx-xx-0040, and

JULIA P. ESCOBEDO,
xxx-xx-0136,

6510 W. ORANGE DR.
GLENDALE, AZ 85301

Debtors.

) In Proceedings Under Chapter 13
)
) Case No.: 2:11-bk-08189-RTB
)
) **STIPULATED ORDER CONFIRMING CHAPTER 13 PLAN AND APPLICATION FOR PAYMENT OF ADMINISTRATIVE EXPENSE**
)
)

The Chapter 13 Plan having been properly noticed out to creditors,

**IT IS ORDERED** Confirming the Chapter 13 Plan of the Debtors as follows:

1. **INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amounts of future income to the Trustee for distribution under the Plan.

    a. Future Earnings or Income. Debtors shall make the following monthly Plan Payments:

    **$450.00** each month for month __1__ through month __12__. (April 2011 through March 2012)
    **$590.00** each month for month __13__ through month __60__. (April 2012 through March 2016)

    The payments are due on or before the __25th__ day of each month commencing April 2011. Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. **Any funding shortfall must be cured before the plan can be discharged.**

    The Debtors shall provide, directly to the Trustee copies of their **federal** and **state** income tax returns for tax years 2011, 2012 and 2013, within 30 days of filing such tax returns. The purpose is to assist the Trustee in determining any change in Debtors' annual disposable income.

    b. <u>Other Property.</u> In the event that other property is submitted, it shall be treated as supplemental payments. In no event will the term of the Plan be reduced to less than 60

In re: Fred and Julia Escobedo
Case No.: 2:11-bk-08189-RTB

1

Case 2:11-bk-08189-DPC    Doc 73    Filed 04/17/12    Entered 04/17/12 12:57:03    Desc
- Order Confirming Chapter 13 Plan    Page 1 of 5

months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

2. **DURATION.** This Plan shall continue for 60 months from the first regular monthly payment described in Paragraph 1(a) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate.

3. **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified and paid as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. §586(e), then the Trustee will pay creditors in the following order:

   a. Administrative Expenses:

   Attorney Fees. Phillips & Associates/David Wroblewski & Associates, PC shall be allowed total compensation of $4,000.00 Counsel received $4,000.00 prior to filing this case and will be paid $0.00 by the Chapter 13 Trustee.

   There is an order to disgorge funds in the amount of $375.00, DE#64 entered March 23, 2012, which will be paid to general unsecured, nonprioirty creditors.

   Additional Administrative Expense: The Debtor has filed an adversary proceeding in accordance with the Plan (see 2:12-ap-416) to avoid a secured lien on real property, and additional attorneys' fees have been requested in the Plan for the filing of the adversary in the amount of $1,000.00. The additional fee shall be allowed and paid through the Plan only upon entry of a separate order of this Court. In the event an Order is entered allowing such additional fee, the Trustee shall pay such additional fee without further order of this Court.

   b. Claims Secured by Real Property:

   **LITTON LOAN SERVICING**, secured by a first deed of trust on Debtors' primary residence located at 6510 West Orange Drive, Glendale, Arizona, shall be paid the pre-petition arrearage of $1,880.31. Litton Loan Servicing shall receive regular post-petition monthly mortgage payments direct from the Debtors outside of the Plan.

   **JPMORGAN CHASE BANK, N.A.**, is secured by a second deed of trust in the Debtors' residence located at 6510 West Orange Drive, Glendale, Arizona. The lien of JPMorgan Chase Bank, N.A., shall be avoided by separate order of this Court in an associated adversary proceeding. (See 2:12-ap-416). As a result of the avoidance of the lien, JPMorgan Chase Bank, N.A., shall <u>not</u> be paid through the Plan as a secured creditor, or direct by the Debtors. Rather any filed claim of JPMorgan Chase Bank, N.A., for this debt shall be classified and paid as a general unsecured claim.

   However, in the event that an Order avoiding the lien in that separate adversary proceeding is not entered, then the Debtors shall modify their Plan as necessary and shall thereafter resolve the Objection to Confirmation of Debtors' Chapter 13 Plan filed by JPMorgan Chase Bank, N.A., at ECF Docket Entry #15.

In re: Fred and Julia Escobedo
Case No.: 2:11-bk-08189-RTB

2

Case 2:11-bk-08189-DPC   Doc 73   Filed 04/17/12   Entered 04/17/12 12:57:03   Desc
- Order Confirming Chapter 13 Plan    Page 2 of 5

**Plan Summary.** If there are discrepancies between the plan and this plan analysis, the provisions of the confirmed plan control.

| | | |
|---|---|---:|
| (1) | Administrative expenses (for Lien Avoidance) | $ 1,000.00 |
| (2) | Priority claims | $ 0.00 |
| (3) | Payments on leases or to cure defaults, including interest | $ 1,880.31 |
| (4) | Payments on secured claims, including interest | $ 12,218.80 |
| (5) | Payments on unsecured, nonpriority claims | $ 15,248.89 |
| (6) | SUBTOTAL | $ 30,348.00 |
| (7) | Trustee's compensation (10% of plan payments) | $ 3,372.00 |
| (8) | Total plan payments | $ 33,720.00 |

(L) <u>Section 1325 Analysis</u>.

    (1) *Best Interest of Creditors Test*:

| | | |
|---|---|---:|
| (a) | Value of debtor's interest in nonexempt property | $ 11,159.95 |
| (b) | Plus: Value of property recoverable under avoiding powers | $ 0.00 |
| (c) | Less: Estimated Chapter 7 administrative expenses | $ 1,865.99 |
| (d) | Less: Amount payable to unsecured, priority creditors | $ 0.00 |
| (e) | **Equals:** Estimated amount payable to unsecured, nonpriority claims if debtor filed Chapter 7 | $ 9,293.96 |

Paragraph (2) to be completed by debtors whose current monthly income exceeds the state's median income.

    (2) *Section 1325(b) Analysis:*

| | | |
|---|---|---:|
| (a) | Monthly disposable income under § 1325(b)(2), Form B22C, Statement of Current Monthly Income | $ 0.00 |
| (b) | Applicable commitment period | $ 60 |
| (c) | Section 1325(b)(2) monthly disposable income amount multiplied by 60) | $ 0.00 |

(M) Estimated Payment to Unsecured, Nonpriority Creditors Under Plan     $ 15,248.89

In re: Fred and Julia Escobedo
Case No.: 2:11-bk-08189-RTB

5

Case 2:11-bk-08189-DPC   Doc 73   Filed 04/17/12   Entered 04/17/12 12:57:03   Desc
- Order Confirming Chapter 13 Plan   Page 3 of 5

c. Claims Secured by Personal Property:

**JPMORGAN CHASE BANK, N.A., AKA CHASE AUTO FINANCE**, secured by a 2006 Ford F150 Series Pickup, shall be paid $2,040.62 together with interest at 5.25%.; and it shall receive adequate protection payments of $131.00 per month.

**FORD MOTOR CREDIT COMPANY, LLC**, secured by a 2008 Ford F150 Series Pickup, shall be paid $9,359.24 together with interest at 5.25%.; and it shall receive adequate protection payments of $118.00 per month.

d. Unsecured Priority Claims. None.

e. Leases or Executory Contracts.

| Creditor | Property Description | Assume/Reject |
|---|---|---|
| Verizon Wireless | Cellular TV | Assume |

f. Surrendered Property. None.

g. Other Provisions. None.

h. Unsecured Nonpriority Claims. All other claims shall be classified as unsecured and nonpriority. Such claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. § 1328.

4. **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtors upon confirmation.

**DATED SIGNED AND ORDERED AS STATED ABOVE**

Approved as to Form and Content By:

DAVID WROBLEWSKI & ASSOCIATES    STANDING CHAPTER 13 TRUSTEE

By: _____    By: _____
Joshua S. Parilman              Edward J. Maney
20 E. Thomas Road, Suite 2600   P.O. Box 10434
Phoenix, AZ 85012               Phoenix, AZ 85064
*Attorneys for Debtors*

In re: Fred and Julia Escobedo
Case No.: 2:11-bk-08189-RTB

3

**CERTIFICATION OF DEBTORS:** I, Fred F. Escobedo, and I Julia P. Escobedo, hereby certify as follows:

1. I have reviewed the foregoing Stipulated Order Confirming Chapter 13 Plan in this case, and that I approve the same; and

2. I have filed all applicable Federal, State, and local tax returns as required by U.S.C. § 1308; and

3. I have no domestic support obligations.

The Debtors certify: All required State and Federal income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the time of filing the Petition.

_____
Fred F. Escobedo

_____
Julia P. Escobedo

In re: Fred and Julia Escobedo
Case No.: 2:11-bk-08189-RTB

4

Case 2:11-bk-08189-DPC    Doc 73    Filed 04/17/12    Entered 04/17/12 12:57:03    Desc
- Order Confirming Chapter 13 Plan    Page 5 of 5